UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11908-GAO

BRIAN LAWRENCE,
Petitioner,

v.

COMMONWEALTH OF MASSACHUSETTS,
Respondent.

ORDER
September 30, 2014

O'TOOLE, D.J.

## I. Background

The petitioner, Brian Lawrence, was convicted of assault with intent to murder while armed with a dangerous weapon, assault and battery by means of a dangerous weapon, and discharge of a firearm within 500 feet of a dwelling. The convictions were affirmed by the Appeals Court of Massachusetts on February 17, 2012. On May 3, 2012, the Supreme Judicial Court denied further appellate review. On August 6, 2013, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition should be dismissed as time-barred under the one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d). The petitioner contends that either the doctrine of equitable tolling or the actual innocence exception should apply.

## II. Discussion

### A. 28 U.S.C. § 2244(d)

Pursuant to 28 U.S.C. § 2244(d), federal habeas corpus petitions have a one-year statute of limitations. Under the relevant provision, the limitations period begins to run as of "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioners are granted ninety days to file a petition for a writ of certiorari with the Supreme Court. The judgment becomes final when this ninety-day period expires. The one-year limitations period is strict; even one day is too late. See Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2002).

The petitioner's conviction became final on August 1, 2012. The one-year statute of limitations under 28 U.S.C. § 2244(d) ran from August 1, 2012 to August 1, 2013, and the petitioner filed his petition on August 6, 2013.

### B. Equitable Tolling

Under the doctrine of equitable tolling, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." David v. Hall, 318 F.3d 343, 345-46 (1st Cir. 2003). Under appropriate circumstances, equitable tolling may apply to 28 U.S.C. § 2244(d). Neverson v. Farquharson, 366 F.3d 32, 34-35 (1st Cir. 2004). However, it is important to note that equitable tolling "'is the exception rather than the rule.'" Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (quoting Delaney v. Matesenz, 264 F.3d 7, 14 (1st Cir. 2001)).

The equitable tolling doctrine may be warranted if there are extraordinary circumstances and if the petitioner pursued his rights diligently. Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Lattimore, 311 F.3d at 55. A mistake by counsel is not extraordinary; "[a]ttorney miscalculation is simply not sufficient." Lawrence, 549 U.S. at 336; see David, 318 F.3d at 346. An attorney's failure would have to be egregious to justify tolling. See Trapp v. Spencer, 479 F.3d 53, 60 (1st Cir. 2007).

Here, no extraordinary circumstances justify the application of equitable tolling. This is a case of simple miscalculation. The petitioner filed his petition on August 6, 2013, five days late. This is not one of the rare cases where equitable tolling should apply.

C.     Actual Innocence

The petitioner argues, alternatively, that the actual innocence exception should be invoked. See McQuiggin v. Perkins, -- U.S. --, 133 S. Ct. 1924, 1928 (2013). The standard for the actual innocence or fundamental miscarriage of justice exception is demanding. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). It is rarely met. See Schlup v. Delo, 513 U.S. 298, 329 (1995). In the rare instances where it is applied, the exception can overcome procedural defaults, such as filing deadlines. Coleman, 501 U.S. at 750. The interest in finality must be outweighed by "the individual interest in justice that arises in the extraordinary case." Schlup, 513 U.S. at 324. The exception only applies when "it is more likely than not that no reasonable juror" would have convicted the petitioner. Id. at 327.

Here, the petitioner has not met the demanding standard of the actual innocence exception. As the Appeals Court of Massachusetts determined, the jurors were presented with sufficient circumstantial evidence to convict the petitioner. The petitioner presents no new evidence or issues that have not yet been argued. Indeed, the petitioner essentially attempts to reiterate the same points he made on direct appeal. Absent new evidence, this Court finds no reason to disagree with the decision of the Appeals Court. See Teti v. Bender, 507 F.3d 50, 56 (1st Cir. 2007) ("Under AEDPA, our review of state court legal and factual determinations is highly deferential."). Federal courts must defer to the state court determination unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Neither of these conditions is shown to exist in this case. The actual innocence exception does not apply, and the 28 U.S.C. § 2244(d) one-year statute of limitations applies.

### **III.** **Conclusion**

For the reasons stated herein, the respondent's Motion (dkt. no. 14) to Dismiss the Petition for a Writ of Habeas Corpus is GRANTED. The Petition is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge